UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARIETTA M. LAWSON, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-319-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
|     *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found that the plaintiff was not disabled prior to May 30, 2007, because she had engaged in substantial gainful activity ("SGA"). I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that, prior to May 30, 2007, the date that the plaintiff became disabled, she engaged in SGA, Finding 2, Record at 692; and that she, therefore, was not disabled prior to May 30, 2007, Finding 12, *id.* at 695.[2] The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 13-15, making the decision

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 15, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff was insured for purposes of SSD benefits through September 30, 2009, *see* Finding 1, Record at 692, and, thus, remained insured for SSD benefits as of May 29, 2007.

1

the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

For purposes of the period prior to May 30, 2007, the administrative law judge reached Step 1 of the sequential evaluation process, at which stage the plaintiff bears the burden of proving that she did not engage in SGA during the period in question. *Bell v. Commissioner of Social Sec.*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Field v. Chater*, 920 F. Supp. 240, 241 (D. Me. 1995), *called into doubt on other grounds, Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001). Work is considered "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1572(a), 416.972(a)). "[W]ork may be substantial even if it is done on a part-time basis or if [a claimant] do[es] less, get[s] paid less, or [has] less responsibility than when [he or she] worked before." *Id*. "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id*. § 405.101 (incorporating *id*. §§ 404.1572(b), 416.972(b)). If a claimant is able to work at SGA level, the commissioner will find that he or she is not disabled. *Id*. § 405.101 (incorporating *id*. §§ 404.1571, 416.971).

## I. Discussion

The plaintiff complains that the administrative law judge erred in concluding that work performed prior to May 30, 2007, was SGA. *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 13) at 1-6. I find no reversible error and, accordingly, recommend that the court affirm the decision.

In the challenged portion of the decision, the administrative law judge stated:

> The evidence of record indicates that the [plaintiff] earned $3334.13 during the first and second quarter of 2007 while working for Newmad, LLC. [The plaintiff's representative], in her brief, argues that this should be considered an unsuccessful work attempt. However, the [plaintiff] testified that she quit this job after the company reduced her hours and after she argued with her boss. The undersigned, therefore, finds that the [plaintiff's] 2007 earnings from Newmad, LLC constitute [SGA] as the [plaintiff] did not leave her job because of her medical conditions.

Record at 692 (citations omitted).

The plaintiff contends that the administrative law judge erred as a matter of law in considering whether the Newmad work constituted an unsuccessful work attempt without first assessing whether that job was performed at the SGA level. *See* Statement of Errors at 2-4. She argues that the work was not in fact performed at the SGA level and that this is dispositive of the issue. *See id*. at 3. She adds that, even assuming *arguendo* that it is appropriate to analyze whether the Newmad work constituted an unsuccessful work attempt, the administrative law judge wrongly found that it did not. *See id*. at 4-6.

### A. SGA Earnings Level

The plaintiff is correct that the administrative law judge erred in failing to consider whether her earnings exceeded presumptive SGA levels. *See, e.g*., 20 C.F.R. §§ 404.1574(b)(3)(i), 416.974(b)(3)(i) ("If [a claimant's] average monthly earnings are equal to or less than the amount(s) determined . . . for the year(s) in which [the claimant] work[s], we will

3

generally consider that the earnings from [her] work as an employee . . . will show that [she] ha[s] not engaged in [SGA].") Nonetheless, the error is harmless.

A claimant's average monthly earnings indicate that she engaged in SGA if they exceed a set amount in a given calendar year. *See id.* §§ 404.1574(b)(2), 416.974(b)(2). For 2007, that amount was $900 per month. *See* Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B) ("Policy – Table 2 – Nonblind Individuals Only").

The plaintiff assumes that, because her earnings from Newmad totaled $3,334.13 for the first two quarters of 2007 and she left that job in May 2007, her earnings should be averaged over a period of five months. *See* Statement of Errors at 3; Record at 216.[3] She reasons that her Newmad work fell well below the presumptive SGA level because her earnings averaged only $666.80 over the five-month period of the job. *See* Statement of Errors at 3.

Nonetheless, as counsel for the commissioner contended at oral argument, earnings are to be averaged over a claimant's actual period of work. *See, e.g.*, Social Security Ruling 83-35 ("SSR 83-35"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 122 ("When the individual worked for a continuous period of time but is no longer working, earnings are to be averaged over the actual period of work involved.").

At the plaintiff's first hearing, held on August 27, 2009, *see* Record at 41, she testified that she had worked at "Food City" for "[o]nly a few months[,]" that she did not remember when that work started, but that she knew she "got done in May" of 2007, and that she worked for another corporation in 2007, the name of which she did not remember, *see id.* at 50. The administrative law judge told the plaintiff's representative:

---

[3] The plaintiff earned $1,090.00 during the first quarter of 2007 and $2,244.00 during the second quarter, for a total of $3,334.00. *See* Record at 216. Nothing turns on the 13-cent discrepancy.

4

>My concern is about whether that work activity constitutes substantial gainful activity, since the testimony is that [the plaintiff] quit in May which would only be two months into the second quarter. And records reflect that she earned $2,244 during the second quarter. And then we don't know when she was hired during the first quarter of 2007, but there are earnings of $1,090. Do you sort of share my concern about how to properly characterize these earnings?

*Id*. at 51. The plaintiff's representative responded:

> [The plaintiff's] recollection and testimony this morning is not consistent with the information she shared with me in the past. . . . My understanding from [the plaintiff's] recollection when we originally reviewed this issue was that the first part of 2007 she was in a position at a convenience store. And that she was there between the – in the first three months. She shared with me originally that she thought she worked there about three months. And then that she went from there to Food City. And I don't have the specific dates of employment – obviously, or I would have shared them with you – but I am concerned about what her best recollection is of timing, based upon her recollection today.

*Id*. at 51-52.

The administrative law judge indicated that he would attempt to obtain the employment file from Newmad. *See id*. at 52. However, that attempt proved unsuccessful, with a mailing to Newmad having been returned by the U.S. Post Office as undeliverable. *See id*. at 226. Food City, however, verified that the plaintiff worked there from June 4, 2007, through June 23, 2007. *See id*. at 322. A new hearing was convened on February 16, 2010, *see id*. at 16, at which the plaintiff's testimony as to the start date of the Newmad job remained vague, *see id*. at 21-22 (plaintiff testified that she had worked "at the store" (for Newmad) for "[j]ust a few months[,]" following which she took the Food City job).

At oral argument, the plaintiff's counsel could point to no evidence of record that his client commenced the Newmad job as early as January 2007. He acknowledged that it is a claimant's burden at Step 1 to produce evidence of earnings. In the circumstances, the administrative law judge reasonably found, impliedly, that the plaintiff worked for Newmad for

5

three months in 2007 and that her earnings for that period averaged $1,111.33, above SGA level. His error in failing to address the SGA question in his discussion accordingly is harmless.

### B. Unsuccessful Work Attempt

The plaintiff having received SGA level earnings from Newmad prior to May 30, 2007, the administrative law judge correctly analyzed whether that work nonetheless constituted an "unsuccessful work attempt" and, on that basis, was not SGA. *See* 20 C.F.R. §§ 404.1574(c), 416.974(c) ("Ordinarily, work [a claimant] ha[s] done will not show that [she] [is] able to do [SGA] if, after working for a period of 6 months or less, [her] impairment forced [her] to stop working or to reduce the amount of work [she] do[es] so that [her] earnings from such work fall below the [SGA] earnings level[.]"); *Andler v. Chater,* 100 F.3d 1389, 1392 (8th Cir. 1996) ("The 'unsuccessful work attempt' concept was designed as an equitable means of disregarding relatively brief work attempts that do not demonstrate sustained substantial gainful employment.").

Jobs that lasted for three months or less are considered unsuccessful work attempts if, *inter alia*, a claimant "stopped working . . . because of [his or her] impairment or because of the removal of special conditions which took into account [his or her] impairment and permitted [him or her] to work." 20 C.F.R. §§ 404.1574(c)(3), 416.974(c)(3).

The plaintiff testified that she left the Newmad job because "[t]hey cut my hours back[,]" following which she "got in a spat with the owner and . . . just quit my job and went looking for another job." Record at 21-22. She acknowledges that the administrative law judge found, in line with her testimony, that she quit the Newmad job after the company cut her hours and she had an argument with her boss. *See* Statement of Errors at 5. However, she argues that he ignored the significance of opinion evidence to which he had given great weight: (i) the opinion

6

of treating psychiatrist Thomas Rusk, M.D., that she was unable to meet competitive standards in a number of mental abilities and aptitudes, including the ability to "accept instructions and respond appropriately to criticism from supervisors" and "get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes[,]" and (ii) the testimony of an expert present at her hearing, James M. Claiborn, Ph.D., that his opinion was consistent with that of Dr. Rusk. *Id*. at 5-6; *see also* Record at 39, 683, 694.

Neither Dr. Rusk nor Dr. Claiborn expressed an opinion as to whether the plaintiff quit *the Newmad job* on account of her mental impairments. The administrative law judge was not obliged to infer, from their generalized opinions, that she had. In the circumstances, her own testimony constituted substantial evidence in support of the finding made.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

7